UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CECIL THORNTON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, Governor of California; MATTHEW CATE, Secretary of Corrections; JOHN DOE LEWIS, Parole Unit Supervisor; MARK JOSEPH, Parole Agent; CHRISTINE CAVALIN, Parole Agent; JOHN DOE #1, Parole Agent,<br><br>　　　　　Defendants. | Civil No. 10cv01583 BTM (RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 7]** |

Plaintiff William Cecil Thornton, a state prisoner proceeding pro se and in forma pauperis, filed a Complaint on July 28, 2010, pursuant to 42 U.S.C. § 1983 [ECF Nos. 1, 5]. In count one, Thornton alleges that his constitutional rights to due process, freedom of association, and to be free from cruel and unusual punishment were violated when he was not allowed to live with his wife in their home after being released on parole. (Compl. 3.) In count two, Thornton argues that his rights to be free from cruel

and unusual punishment, to due process, and to his "interest of liberty" were violated when Plaintiff was assigned to a sex offender parole unit in California based on his out-of-state criminal record. (Id. at 4.) Finally, in count three, Thornton alleges his right to equal protection of the laws was violated because he was discriminated against. (Id. at 4-5.) Specifically, he complains that he was "banished" from moving back in with his wife in their home because he was "told it was not in[]compliance with Proposition 83 or California Penal Code § 3003.5." (Id. at 5 (citation omitted).) But another sex offender assigned to the same parole unit started an intimate relationship with Thornton's wife and was permitted to move into the same home with her, even though Plaintiff was prohibited from doing so. (Id.)

On August 25, 2010, Thornton filed this Motion for Appointment of Counsel [ECF No. 7]. In support of his request, Plaintiff asserts the following: (1) He is unable to afford an attorney; (2) his imprisonment limits his ability to litigate; (3) the issues in this case are complex and require significant research; (4) Thornton has limited law library access and knowledge of the law; and (5) a trial will likely involve conflicting testimony and legal issues. (Mot. Appointment Counsel 2-3.)

28 U.S.C. § 1915(e)(1) provides, "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C.A. § 1915(e)(1) (West 2010). But "it is well-established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996) (citing Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994)). There is also no constitutional right to

appointed counsel to pursue a § 1983 claim. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981)); accord Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998). Federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989) (discussing section 1915(d)); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

Nevertheless, district courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to request attorney representation for indigent civil litigants upon a showing of exceptional circumstances. See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citing Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 824 (9th Cir. 1989). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Agyeman, 390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). "'Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" Terrell, 935 F.2d at 1017 (quoting Wilborn, 789 F.2d at 1331).

**I.   Likelihood of Plaintiff's Success on the Merits**

To receive court-appointed counsel, Thornton must present a nonfrivolous claim that is likely to succeed on the merits. Wilborn, 789 F.2d at 1331. Plaintiff alleges in the Complaint that

his constitutional rights to due process, freedom of association, to be free from cruel and unusual punishment, and to equal protection of the laws were violated. (Compl. 3-5.) These allegations arise from events that occurred while Plaintiff was incarcerated at R.J. Donovan State Prison ("Donovan") and after he was released on parole.[1] (Id. at 1.)

In count one, Thornton claims he had been incarcerated for a parole violation and was released on November 10, 2007. (Id. at 3.) "[B]efore my release[] I was served with papers on 9-17-07 that stated I would not be allowed to live at my home with my wife because of provisions of Proposition 83, that was applied to me because of an 1987 Tennessee case." (Id.) He asserts this constitutes a violation of his rights to due process, freedom of association, and to be free from cruel and unusual punishment. (Id.)

In count two, Plaintiff argues that on November 21, 2007, he was "assigned to a GPS unit of parole and given very overbroad conditions of parole" as a result of his out-of-state criminal record. (Id. at 4.) "I was assigned to a sex offender unit of parole [and] to an Agent Christine Cavalin." (Id.) Thornton claims that this rises to the level of a violation of his right to be free from cruel and unusual punishment and to due process. (Id.)

Further, in count three, Plaintiff contends that in November 2007, he was not permitted to reside with his wife in their home because he was "told it was not in compliance with Proposition 83

---

[1] Currently, Thornton is incarcerated at the California Correctional Institution at Tehachapi, California. (Compl. 1.)

or California Penal Code § 3003.5.  (Id. at 5.)  But in 2008, another sex offender in Thornton's parole unit, Richard Lilly, moved into Plaintiff's residence.  (Id.)  "[Lilly] started an [intimate] relationship with my wife and was allowed to move into the very home I was told was out of compliance to me as a sex offender."  (Id.)  Plaintiff complains that he is discriminated against, in violation of his right to equal protection of the laws. (Id.)

Prisoners may not be deprived of "life, liberty, or property without due process of law." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  A plaintiff may allege a violation of procedural due process by claiming defendants failed to employ fair procedures to deprive him of a protected liberty interest.  See Zinermon v. Burch, 494 U.S. 113, 127 (1990); Kentucky Dep't of Corrs. v. Thompson, 490 U.S. 454, 460 (1989); Hewitt v. Helms, 459 U.S. 460, 466 (1983); Walker v. Sumner, 14 F.3d 1415, 1419 (9th Cir. 1994) (discussing liberty interest arising out of disciplinary proceedings).  A protected liberty interest may arise under the Due Process Clause itself or a federal statute or regulation.  Kentucky Dep't of Corrs., 490 U.S. at 460; Hewitt, 459 U.S. at 466.  But the liberty interest protected by statute or regulation is generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 483-84 (1995).

As to a prisoner's right to freedom of association, "'[a] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate

penological objectives of the corrections system.'" <u>Johnson v. California</u>, 543 U.S. 499, 510 (2005) (quoting <u>Pell v. Procunier</u>, 417 U.S. 817, 822 (1974)).  But the associational rights of prisoners are, by necessity, restricted and "may be curtailed whenever the institution's officials, in the exercise of their informed discretion, reasonably conclude that such associations . . . possess the likelihood of disruption to prison order or stability, or otherwise interfere with the legitimate penological objectives of the prison environment." <u>Jones v. N.C. Prisoners' Labor Union, Inc.</u>, 433 U.S. 119, 132 (1977); <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985).

Although an inmate has the right to be free from cruel and unusual punishment, "the treatment a prisoner receives and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993).  The Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety.'" <u>Id.</u> at 33 (quoting <u>DeShaney v. Winnebago County Dep't of Soc. Servs.</u>, 489 U.S. 189, 200 (1989)).  "To violate the Cruel and Unusual Punishment Clause, a prison official must have a 'sufficiently culpable state of mind.'" <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (quoting <u>Wilson v. Seiter</u>, 501 U.S. 294, 297 (1991).

Moreover, "[i]nmates are protected under the Equal Protection Clause against invidious discrimination." <u>Johnson v. Van Boening</u>, No. C07-5426RBL-KLS, 2008 U.S. Dist. LEXIS 80776, at *13 (W. D. Wash. Sept. 3, 2008) (citing <u>Wolff</u>, 418 U.S. at 556; <u>Lee v. Washington</u>, 390 U.S. 333, 334 (1968)).  To state an equal

protection violation claim, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Protected classes include race, religion, national origin, and poverty. Damiano v. Florida Parole & Probation Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986). Further, the Fourteenth Amendment is not violated by unintentional conduct that may have a disparate impact. Washington v. Davis, 426 U.S. 229, 239 (1976).

Although Thornton's allegations may be sufficient to state a claim for relief, it is too early for the Court to determine Plaintiff's likelihood of success on the merits. Without additional factual information, the Court cannot conclude whether Thornton is likely to succeed. See Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993).

## II. **Plaintiff's Ability To Proceed Without Counsel**

To be entitled to appointed counsel, Thornton must also show he is unable to effectively litigate the case pro se in light of the complexity of the issues involved. See Wilborn, 789 F.2d at 1331.

Courts have required that "indigent plaintiffs make a reasonably diligent effort to secure counsel as a prerequisite to the court's appointing counsel for them." Bailey, 835 F. Supp. at 552. Here, Plaintiff has not shown that he made any efforts to secure counsel. (See Mot. Appointment Counsel 1-3.) He has therefore not made a reasonably diligent effort to secure counsel prior to petitioning for appointment of counsel.

1  Thorton advances several arguments to support his request for
2  attorney representation.  First, he claims he is unable to afford
3  legal counsel, and he refers to his request to proceed in forma
4  pauperis [ECF No. 2].  (Id. at 2.)  Even though he was granted in
5  forma pauperis status [ECF No. 5], his argument is not compelling
6  because indigence alone does not entitle a plaintiff to appointed
7  counsel.
8  Next, Plaintiff argues that his imprisonment will limit his
9  ability to litigate.  (Id.)  Although he asserts that his access to
10 legal materials is limited, Thornton has not demonstrated that he
11 is being denied "reasonable" access.  See Lindquist v. Idaho State
12 Bd. of Corrs., 776 F.2d 851, 858 (9th Cir. 1985).  "[T]he
13 Constitution does not guarantee a prisoner unlimited access to a
14 law library.  Prison officials of necessity must regulate the time,
15 manner, and place in which library facilities are used."  Id.
16 (citation omitted).  Thornton has not shown that he does not have
17 reasonable access to a law library or other means of conducting
18 legal research, or that he is subjected to burdens beyond those
19 ordinarily experienced by pro se plaintiffs.
20 Plaintiff maintains the issues involved in the case are
21 complex and will require significant research.  (Mot. Appointment
22 Counsel 2.)  But again, Thornton has not alleged that he lacks
23 reasonable access to the law library or other means of performing
24 legal research.  See Lindquist, 776 F.2d at 858.  Nor has he shown
25 that his limitations are greater than those ordinarily experienced
26 by pro se plaintiffs.
27 Thornton also contends he has limited access to legal
28 materials and limited knowledge of the law.  (Mot. Appointment

Counsel 2.) Plaintiff's Complaint is adequate in form. Also, Thornton was able to file motions for leave to proceed in forma pauperis and for appointment of counsel, which suggests an ability to navigate the legal process. See <u>Plummer v. Grimes</u>, 87 F.3d 1032, 1033 (8th Cir. 1996) (finding the district court did not abuse its discretion in denying plaintiff counsel, in part because plaintiff adequately filed a complaint and other pre-trial materials). "[A]ny pro se litigant certainly would be better served with the assistance of counsel." <u>Rand</u>, 113 F.3d at 1525; <u>see also</u> <u>Wilborn</u>, 789 F.2d at 1331 ("[A] <u>pro se</u> litigant will seldom be in a position to investigate easily the facts necessary to support the case.") But a plaintiff is only entitled to appointed counsel if he can show "that because of the complexity of the claims he [is] unable to articulate his positions." <u>Rand</u>, 113 F.3d at 1525. Thornton has not shown anything in the record that makes this case "exceptional" or the issues in it particularly complex.

     Finally, Plaintiff complains that an attorney would help him present evidence and cross-examine witnesses at trial due to the likelihood of conflicting testimony. (Mot. Appointment Counsel 2-3.) But factual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances. See <u>Rand</u>, 113 F.3d at 1525 (holding that while the appellant might have fared better with counsel during discovery and in securing expert testimony, this is not the test). Accordingly, the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) are absent.

Because Plaintiff has failed to demonstrate either a likelihood of success on the merits or an inability to represent himself (beyond the ordinary burdens encountered by prisoners representing themselves pro se), Plaintiff's motion is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATE: October 4, 2010

Ruben B. Brooks
United States Magistrate Judge

cc: Judge Moskowitz
    All Parties of Record