UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CECIL THORNTON, | Civil No. 10cv01583 BTM (RBB) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S SECOND REQUEST FOR APPOINTMENT OF COUNSEL OR, ALTERNATIVELY, MOTION FOR RECONSIDERATION [ECF NO. 28]** |
| v. | |
| ARNOLD SCHWARZENEGGER, Governor of California; MATTHEW CATE, Secretary of Corrections; JOHN DOE LEWIS, Parole Unit Supervisor; MARK JOSEPH, Parole Agent; CHRISTINE CAVALIN, Parole Agent; JOHN DOE #1, Parole Agent, | |
| Defendants. | |

Plaintiff William Cecil Thornton, a state prisoner proceeding pro se and in forma pauperis, filed a Complaint on July 28, 2010, pursuant to 42 U.S.C. § 1983 [ECF Nos. 1, 5]. In count one, Thornton alleges that his constitutional rights to due process, freedom of association, and to be free from cruel and unusual punishment were violated when he was not allowed to live with his wife in their home after being released on parole. (Compl. 3, ECF No. 1.) In count two, Plaintiff argues that his rights to be free

from cruel and unusual punishment, to due process, and his "interest of liberty" were violated when Plaintiff was assigned to a sex offender parole unit in California based on his out-of-state criminal record. (Id. at 4.) Finally, in count three, Thornton alleges his right to equal protection of the laws was violated because he was discriminated against. (Id. at 4-5.) Specifically, he complains that he was "banished" from moving back in with his wife in their home because he was "told it was not in[]compliance with Proposition 83 or California Penal Code § 3003.5." (Id. at 5 (citation omitted).) But another sex offender assigned to the same parole unit started an intimate relationship with Thornton's wife and was permitted to move into the same home with her, even though Plaintiff was prohibited from doing so. (Id.)

On November 12, 2010, Plaintiff filed his second request for court-appointed counsel. (Pl.'s Second Req. Appointment Counsel 1-2, ECF No. 28.) His first request for appointed counsel was filed on August 25, 2010. (Mot. Appointment Counsel 1-3, ECF No. 7.) The Court, on October 4, 2010, denied Plaintiff's motion [ECF No. 16]. Thornton's second request for appointed counsel should have been brought as a motion for reconsideration of the Court's order denying Plaintiff appointed counsel. See S.D. Cal. Civ. L.R. 7.1(i)(1).

## I. DISCUSSION

28 U.S.C. § 1915(e)(1) provides, "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C.A. § 1915(e)(1) (West 2010). But "it is well-established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996) (citing Hedges v. Resolution Trust Corp., 32 F.3d 1360,

1363 (9th Cir. 1994)). There is also no constitutional right to a court-appointed attorney in § 1983 claims. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981)); accord Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998). Federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States Dist. Ct., 490 U.S. 296, 310 (1989) (discussing § 1915(d)); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

Nevertheless, district courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to request attorney representation for indigent civil litigants upon a showing of exceptional circumstances. See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citing Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 824 (9th Cir. 1989) ("Appointment of counsel in civil matters in the Ninth Circuit is restricted to 'exceptional circumstances'") (quotation omitted). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Agyeman, 390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). "'Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" Terrell, 935 F.2d at 1017 (quoting Wilborn, 789 F.2d at 1331).
//

**A.     Plaintiff's First Motion for Appointment of Counsel**

On August 25, 2010, Thornton filed a Motion for Appointment of Counsel [ECF No. 7]. In support of his request, Plaintiff asserted the following: (1) He is unable to afford an attorney; (2) his imprisonment limits his ability to litigate; (3) the issues in this case are complex and require significant research; (4) Thornton has limited law library access and knowledge of the law; and (5) a trial will likely involve conflicting testimony and legal issues. (Mot. Appointment Counsel 2-3, ECF No. 7.) On October 4, 2010, this Court issued an Order Denying Plaintiff's Motion for Appointment of Counsel [ECF No. 16]. The Court stated that Thornton "failed to demonstrate either a likelihood of success on the merits or an inability to represent himself (beyond the ordinary burdens encountered by prisoners representing themselves pro se) . . . ." (Order Den. Pl.'s Mot. Appointment Counsel 10, ECF No. 16.)

On November 1, 2010, Thornton filed a notice of appeal of the denial of his request for appointment of counsel [ECF No. 25]. The notice of appeal was received by the Clerk of Court for the Ninth Circuit and was assigned docket number 10-56733 [ECF No. 26]. The Ninth Circuit issued a Time Schedule Order that same day [ECF No. 27]. On November 12, 2010, while his appeal was pending, Plaintiff filed his Second Request for Appointment of Counsel with the district court [ECF No. 28].

Then, on December 9, 2010, Thornton filed with this Court an Ex Parte Application to Stay Proceedings Until Ninth Circuit Ruling on Denial of Appointment of Counsel [ECF No. 40]. On December 10, 2010, the Ninth Circuit dismissed the appeal for lack of

jurisdiction, stating that a denial of appointment of counsel in civil cases is not appealable. Thornton v. Schwarzenegger, No. 10-56733 (9th Cir. Dec. 10, 2010) (order) (citing 28 U.S.C. § 1291 (West 2010); Wilborn, 789 F.2d 1328) [ECF No. 41]. That same day, this Court issued an Order denying as moot Plaintiff's request to stay the proceedings. (Mins., Dec. 10, 2010, ECF No. 42.)

**B.   Plaintiff's Second Motion for Appointment of Counsel**

In support of his second request for court-appointed counsel, filed on November 12, 2010, Plaintiff asserts the following: (1) He is unable to afford an attorney; (2) his imprisonment limits his ability to litigate; (3) the issues in this case are complex and require significant research; (4) Thornton has restricted ability to make photocopies and access legal material in the law library, and he has limited knowledge of the law; (5) Plaintiff has attempted but failed to secure counsel; and (6) a trial will likely involve conflicting testimony and legal issues. (Pl.'s Second Req. Appointment Counsel 1-2, ECF No. 28.) Thornton lists the names of attorneys and agencies he contacted in an attempt to obtain counsel, and he attaches to his Motion two replies he received in response. (Id. at 2.)

Liberally construing Thornton's pleading, as required by Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Court finds that the motion Plaintiff filed on November 12, 2010, is more properly construed as a Motion for Reconsideration of the Court's October 4, 2010 Order Denying Plaintiff's Motion for Appointment of Counsel [ECF No. 16]. Motions or applications for reconsideration of prior orders are brought pursuant to Civil Local Rule 7.1(i). S.D. Cal. Civ. L.R. 7.1(i). In an application for reconsideration, a party

seeking the same relief as that previously denied must set forth "(1) when and to what judge the [prior] application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Id. at 7.1(i)(1).  Further, any motion for reconsideration must be filed within twenty-eight days after the prior order was entered. Id. at 7.1(i)(2).

    Here, Thornton seeks the same relief (court-appointed counsel) as that previously denied.  (Mot. Appointment Counsel 2-3, ECF No. 7; Order Den. Pl.'s Mot. Appointment Counsel 10, ECF No. 16; Pl.'s Second Req. Appointment Counsel 1-2, ECF No. 28.)  Plaintiff has not complied with the first two requirements of Civil Local Rule 7.1(i)(1), and his Motion may be denied on this basis.  S.D. Cal. Civ. L.R. 7.1(i)(1) (requiring that the movant state when the prior application was made and what the ruling was), S.D. Cal. Civ. L.R. 41.1(b) (stating that a litigant's failure to follow a district court's local rules is a proper ground for dismissal).  Moreover, Plaintiff did not file his second request for counsel until November 12, 2010, which is more than twenty-eight days after the October 4, 2010 Order.  See id. at 7.1(i)(2), 41.1(b).  Even if the Court ignores the defects in Plaintiff's request, he has not demonstrated that the Court's prior order should be different.

    Thornton does not expressly state what "new or different facts and circumstances" exist now that did not exist when he filed his first Motion for Appointment of Counsel.  (See Pl.'s Second Req. Appointment Counsel 1-3, ECF No. 28.)  Nor does he express how such facts would change the Court's decision that there are no

exceptional circumstances that warrant appointing an attorney to represent him. (See id.); S.D. Cal. Civ. L.R. 7.1(i)(1). In fact, Thornton makes essentially the same arguments in his second request for court-appointed counsel as he did in the first request. (Compare Mot. Appointment Counsel 2-3, ECF No. 7 (arguing he cannot afford counsel, his imprisonment hinders his ability to litigate, the issues are complex, his access to legal material is limited, and a trial would involve conflicting testimony), with Pl.'s Second Req. Appointment Counsel 1-2, ECF No. 28 (stating he cannot afford an attorney, his imprisonment limits his ability to litigate, the issues are complex, his access to legal material and to photocopying is restricted, he has tried to secure counsel, and a trial would involve conflicting testimony).)

The only different fact and circumstance Plaintiff alleges is that he has "attempted to contact different attorneys to represent him in this matter and has only received repl[ie]s which stated they could not help him." (Pl.'s Second Req. Appointment Counsel 2, ECF No. 28). To that end, Thornton lists twelve individuals or entities that he contacted, and he includes the two responses he received. (Id. at 2, 5-8.) The law firm Rosen, Bien, and Galvan, LLP, explained in its letter to Plaintiff that the lawyers could not assist him because they were not taking new cases brought by prisoners. (Id. at 6.) Similarly, Federal Defenders of San Diego, Inc. wrote to Thornton that its office does not represent prisoners on civil complaints. (Id. at 8.)

Courts have required that plaintiffs demonstrate they are indigent and that they have made a reasonably diligent effort to secure counsel before they are eligible for an appointed attorney.

Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. Oct. 25, 1993); see also Verble v. United States, No. 07cv0472 BEN (BLM), 2008 U.S. Dist. LEXIS 107867, at *5 (S.D. Cal. May 22, 2008). But even after a plaintiff satisfies the two initial requirements of indigence and a diligent attempt to obtain counsel, "he is entitled to appointment of counsel only if he can [also] show exceptional circumstances." Bailey, 835 F. Supp. at 552 (citing Wilborn, 789 F.2d at 1331).

Thornton has satisfied the threshold requirements by showing that he is indigent and has made a reasonably diligent effort to secure counsel. (Pl.'s Second Req. Appointment Counsel 1-2, ECF No. 28); see Bailey, 835 F. Supp. at 552. The Court must therefore determine whether Plaintiff can show exceptional circumstances justifying court-appointed counsel by examining the likelihood of Thornton succeeding on the merits and his ability to proceed without counsel. Agyeman, 390 F.3d at 1103; Wilborn, 789 F.2d at 1331; Bailey, 835 F. Supp. at 552. As discussed below, Thornton's attempt to secure counsel does not change the conclusion that his case does not involve exceptional circumstances.

**1. Likelihood of Plaintiff's Success on the Merits**

To receive court-appointed counsel, Thornton must present a nonfrivolous claim that is likely to succeed on the merits. Wilborn, 789 F.2d at 1331. Plaintiff alleges in the Complaint that his constitutional rights to due process, freedom of association, equal protection of the laws, and to be free from cruel and unusual punishment were violated. (Compl. 3-5, ECF No. 1.) These allegations arise from events that occurred while Plaintiff was

1  incarcerated at R.J. Donovan State Prison ("Donovan") and after he
2  was released on parole.[1]  (Id.)

3  In count one, Thornton asserts he had been incarcerated for a
4  parole violation and was released on November 10, 2007.  (Id. at
5  3.)  "[B]efore my release[] I was served with papers on 9-17-07
6  that stated I would not be allowed to live at my home with my wife
7  because of provisions of Proposition 83, that was applied to me
8  because of [a] 1987 Tennessee case."  (Id.)  Plaintiff claims this
9  rises to the level of a constitutional violation of his rights to
10 due process, freedom of association, and to be free from cruel and
11 unusual punishment.  (Id.)

12 In count two, Plaintiff contends that on November 21, 2007, he
13 was "assigned to a GPS unit of parole and given very overbroad
14 conditions of parole" as a result of his out-of-state criminal
15 record.  (Id. at 4.)  "I was assigned to a sex offender unit of
16 parole [and] to an Agent Christine Cavalin."  (Id.)  Thornton
17 argues that this constitutes a violation of his rights to be free
18 from cruel and unusual punishment and to due process.  (Id.)

19 Additionally, in count three, Plaintiff maintains that in
20 November 2007, he was not allowed to reside with his wife in their
21 home because he was "told it was not in compliance with Proposition
22 83 or California Penal Code § 3003.5."  (Id. at 5.)  But in 2008,
23 another sex offender in Thornton's parole unit, Richard Lilly,
24 moved into Plaintiff's residence.  (Id.)  "[Lilly] started an
25 [intimate] relationship with my wife and was allowed to move into
26 the very home I was told was out of compliance to me as a sex

---

[1] Currently, Thornton is incarcerated at the California Correctional Institution at Tehachapi, California.  (Id. at 1.)

1  offender." (Id.)  Plaintiff asserts that he is being discriminated
2  against, in violation of his right to equal protection of the laws.
3  (Id.)

4     Inmates may not be deprived of "life, liberty, or property
5  without due process of law." Wolff v. McDonnell, 418 U.S. 539, 556
6  (1974).  An individual may allege a procedural due process
7  violation by arguing that the defendants failed to employ fair
8  procedures before depriving him of a protected liberty interest.
9  See Zinermon v. Burch, 494 U.S. 113, 127 (1990); Kentucky Dep't of
10 Corrs. v. Thompson, 490 U.S. 454, 460 (1989); Hewitt v. Helms, 459
11 U.S. 460, 466 (1983); Walker v. Sumner, 14 F.3d 1415, 1419 (9th
12 Cir. 1994) (discussing liberty interest arising out of disciplinary
13 proceedings).  A protected liberty interest may arise under the Due
14 Process Clause and the laws of the states.  Kentucky Dep't of
15 Corrs., 490 U.S. at 460; Hewitt, 459 U.S. at 466.  But the liberty
16 interest protected by state law is generally limited to freedom
17 from restraint that "imposes atypical and significant hardship on
18 the inmate in relation to the ordinary incidents of prison life."
19 Sandin v. Connor, 515 U.S. 472, 483-84 (1995).

20    As for a prisoner's right to freedom of association, "'[a]
21 prison inmate retains those First Amendment rights that are not
22 inconsistent with his status as a prisoner or with the legitimate
23 penological objectives of the corrections system.'"  Johnson v.
24 California, 543 U.S. 499, 510 (2005) (quoting Pell v. Procunier,
25 417 U.S. 817, 822 (1974)).  The associational rights of prisoners
26 are, by necessity, restricted and "may be curtailed whenever the
27 institution's officials, in the exercise of their informed
28 discretion, reasonably conclude that such associations . . .

possess the likelihood of disruption to prison order or stability, or otherwise interfere with the legitimate penological objectives of the prison environment." Jones v. N.C. Prisoners' Labor Union, Inc., 433 U.S. 119, 132 (1977); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

Although an inmate has the right to be free from cruel and unusual punishment, "the treatment a prisoner receives and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). The Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety.'" Id. at 33 (quoting DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 200 (1989)). "To violate the Cruel and Unusual Punishment Clause, a prison official must have a 'sufficiently culpable state of mind.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 297 (1991).

Moreover, "[i]nmates are protected under the Equal Protection Clause against invidious discrimination." Johnson v. Van Boening, No. C07-5426RBL-KLS, 2008 U.S. Dist. LEXIS 80776, at *13 (W.D. Wash. Sept. 3, 2008) (citing Wolff, 418 U.S. at 556; Lee v. Washington, 390 U.S. 333, 334 (1968)). To state an equal protection claim, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Protected classes include race, religion, national origin, and poverty. Damiano v. Florida Parole & Probation Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986).

Further, the Fourteenth Amendment is not violated by unintentional conduct that may have a disparate impact. <u>Washington v. Davis</u>, 426 U.S. 229, 239 (1976).

Although Thornton's allegations may be sufficient to state a claim for relief, it is still too early for the Court to determine Plaintiff's likelihood of success on the merits. Without additional factual information, the Court cannot conclude whether Thornton is likely to ultimately succeed. <u>See</u> <u>Bailey</u>, 835 F. Supp. at 552.

### 2. Plaintiff's Ability To Proceed Without Counsel

To be entitled to appointed counsel, Thornton must also demonstrate that he is unable to effectively litigate the case pro se in light of the complexity of the issues involved. <u>Wilborn</u>, 789 F.2d at 1331. Plaintiff makes several arguments to support his request for attorney representation. First, he repeats his assertion that he cannot afford counsel by referring to his request to proceed in forma pauperis. (Pl.'s Second Req. Appointment Counsel 1, ECF No. 28.) Even though he was granted in forma pauperis status [ECF No. 5], his argument is not persuasive because indigence alone does not entitle a plaintiff to appointed counsel.

Next, Thornton realleges that his imprisonment will limit his ability to litigate. (<u>Id.</u>) Although he asserts that his access to legal materials is limited, Plaintiff has not demonstrated that he is being denied "reasonable" access. <u>See</u> <u>Lindquist v. Idaho State Bd. of Corrs.</u>, 776 F.2d 851, 858 (9th Cir. 1985). "[T]he Constitution does not guarantee a prisoner unlimited access to a law library. Prison officials of necessity must regulate the time, manner, and place in which library facilities are used." <u>Id.</u>

(citation omitted). Thornton has not shown that he does not have reasonable access to a law library or other means of conducting legal research, or that he is subjected to burdens beyond those ordinarily experienced by plaintiffs who represent themselves.

The Plaintiff again maintains that the issues in the case are complex and will require significant research and investigation. (Pl.'s Second Req. Appointment Counsel 1-2, ECF No. 28.) But Thornton has not alleged that he lacks reasonable access to the law library or other means of performing legal research. See Lindquist, 776 F.2d at 858. Nor has he shown that his limitations are greater than those typically encountered by pro se plaintiffs.

Further, Thornton contends that his ability to access legal materials and make photocopies is restricted and that he has limited knowledge of the law. (Pl.'s Second Req. Appointment Counsel 2, ECF No. 28.) Plaintiff's Complaint adequately alleges the basis for his claims. Additionally, Thornton was able to file motions for leave to proceed in forma pauperis, for appointment of counsel, for an extension of time to respond, for ex parte communication with the Court, and to stay the proceedings [ECF Nos. 2, 7, 28, 29, 38, 40]. Also, Plaintiff has appealed this Court's denial of his Motion for Appointment of Counsel [ECF Nos. 16, 25-27], the denial of his Ex Parte Motion for Production [ECF Nos. 21. 30], and the denial of his ex parte request for unlimited pro se privileges in law the library [ECF Nos. 22, 31]. These filings suggest Thornton can adequately navigate the legal process. See Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996) (finding the district court did not abuse its discretion in denying plaintiff counsel, in part because plaintiff adequately filed a complaint and

other pretrial materials). "[A]ny pro se litigant certainly would be better served with the assistance of counsel." <u>Rand</u>, 113 F.3d at 1525; <u>see also</u> <u>Wilborn</u>, 789 F.2d at 1331 ("[A] <u>pro</u> <u>se</u> litigant will seldom be in a position to investigate easily the facts necessary to support the case.") But a plaintiff is only entitled to appointed counsel if he can show "that because of the complexity of the claims he [is] unable to articulate his positions." <u>Rand</u>, 113 F.3d at 1525. Thornton has not shown anything in the record that makes this case "exceptional" or the issues in it particularly complex.

In his second request for counsel, Plaintiff asserts that he has attempted but failed to secure counsel. (Pl.'s Second Req. Appointment Counsel 3, 6, 8, ECF No. 28.) Thornton did not make this allegation in his first request. (<u>See</u> Mot. Appointment Counsel 2-3, ECF No. 10.) Plaintiff has made a reasonably diligent effort to obtain counsel. (<u>See</u> Pl.'s Second Req. Appointment Counsel 3, 6, 8, ECF No. 28.) But as previously noted, this alone does not establish exceptional circumstances. <u>See</u> <u>Bailey</u>, 835 F. Supp. at 552 (stating that if a plaintiff demonstrates indigence and a diligent effort to obtain counsel, he must still show exceptional circumstances); <u>Agyeman</u>, 390 F.3d at 1103 (noting that counsel is appointed only in exceptional circumstances).

Finally, Thornton again complains that an attorney would help him present evidence and cross-examine witnesses at trial due to the likelihood of conflicting testimony. (Pl.'s Second Req. Appointment Counsel 2, ECF No. 28.) Factual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of

exceptional circumstances.  See Rand, 113 F.3d at 1525 (holding that while the appellant might have fared better with counsel during discovery and in securing expert testimony, this is not the test).

Accordingly, the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) are absent.  (See also Order Den. Mot. Appointment Counsel 9-10, ECF No. 16.)  Plaintiff has again failed to show a likelihood of success or an inability to represent himself.  (See id.) Thornton's new allegation that he attempted to secure counsel is helpful to the Court's analysis, but it does not change the result because there are no exceptional circumstances.  (See Order Den. Mot. Appointment Counsel 9-10, ECF No. 16); S.D. Cal. Civ. L.R. 7.1(i)(1).  Accordingly, Plaintiffs Second Request for Appointment of Counsel, or Motion for Reconsideration, is **DENIED**.

**IT IS SO ORDERED.**

DATE: January 11, 2011

Ruben B. Brooks
United States Magistrate Judge

cc: Judge Moskowitz
    All Parties of Record